**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JACQUELINE BURGESS,** **individually and on behalf of all others** **similarly situated,** | ) ) ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.** |
| **v.** | ) | |
| | ) | |
| **SALES-AHOLIC, INC., and** **ANNA HUYNH, individually,** | ) ) | |
| | ) | |
| **Defendants.** | ) | |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Jacqueline Burgess, individually and on behalf of all others similarly situated, for her Complaint against Defendants Sales-Aholic, Inc. and Anna Huynh, states as follows:

**<u>Nature of the Complaint</u>**

1. This is an action for unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.500 et seq.

2. Defendants employed Plaintiff and similarly situated employees as remote workers throughout the United States and the Philippines.

3. Plaintiff and similarly situated employees worked more than forty hours in workweeks during the relevant period.

4. Defendants paid Plaintiff and similarly situated employees straight time only for overtime hours worked and failed to pay overtime compensation as required by federal law.

5. Plaintiff seeks unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and all other available relief.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

7. This Court has supplemental jurisdiction over Plaintiff's Missouri law claims pursuant to 28 U.S.C. § 1367.

8. Defendants are employers within the meaning of the FLSA.

9. At all relevant times, Defendants constituted an enterprise engaged in interstate commerce within the meaning of the FLSA.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred within this District.

11. Plaintiff performed her work exclusively from Missouri throughout her employment with Defendants.

12. Defendants knowingly employed Plaintiff as a Missouri-based remote employee, directed work to Plaintiff in Missouri, and remitted Plaintiff's wages through a PayPal account into a Missouri bank account located in Missouri.

13. This Court has personal jurisdiction over Defendants because Defendants purposefully directed business activities toward Missouri and Plaintiff's claims arise directly from those activities.

## Parties

14. Plaintiff Jacqueline Burgess is an adult resident of O'Fallon (St. Charles County), Missouri.

15. Defendant Sales-Aholic, Inc. is a Virginia corporation with its principal place of business at 10207 Brittenford Drive, Vienna, Virginia 22182.

16. Defendant Anna Huynh is the registered agent and director of Sales-Aholic, Inc.

**Factual Allegations**

17. Plaintiff was employed by Defendants from approximately 2019 through April 21, 2026.

18. For the entirety of the legally relevant period, Defendants employed Plaintiff as a Notification Checker.

19. Plaintiff's duties primarily involved preparing and posting promotional deals and discount codes to internet platforms.

20. Plaintiff performed non-exempt work.

21. Plaintiff worked exclusively remotely from her home in Missouri.

22. Plaintiff did not travel for work.

23. Plaintiff was paid on an hourly basis.

24. Plaintiff's regular hourly rate of pay for the entirety of the relevant period was approximately $35.00 per hour.

25. Plaintiff was paid weekly.

26. At all relevant times, Defendant Anna Huynh exercised operational control over Sales-Aholic, Inc., including control over payroll practices, employee compensation, scheduling, overtime policies, and timekeeping practices.

27. Defendant Anna Huynh was Plaintiff's primary point of contact with the company.

28. At all relevant times, Defendants acted directly or through their agents, servants, and employees, all of whom were acting within the course and scope of their employment.

29. Defendants tracked employee time through shared Google documents used for employee timekeeping and payroll purposes.

3

30. Defendants paid Plaintiff straight time only for all recorded hours worked, including hours worked over forty in a workweek.

31. Defendants failed to pay Plaintiff overtime compensation at one-and-one-half times her regular rate of pay for hours worked over forty in a workweek.

32. Defendants paid Plaintiff straight time only for overtime hours worked.

33. At the beginning of Plaintiff's employment, Defendant Anna Huynh informed Plaintiff that Defendants would not pay overtime compensation.

34. Plaintiff understood from that statement that Defendants maintained a company policy against paying overtime premiums.

35. Defendants knew Plaintiff worked overtime hours.

36. Defendants nevertheless failed and refused to pay overtime compensation as required by law.

37. Plaintiff's payroll records and paystubs reflect that Plaintiff worked overtime hours during numerous workweeks.

38. Plaintiff's payroll records reflect that overtime hours were paid at straight time only.

39. Defendants maintained centralized payroll and compensation practices affecting employees throughout the United States and the Philippines.

40. Similarly situated employees were subject to the same overtime compensation practices.

41. Defendants' employees performed remote internet-based work requiring ongoing online monitoring and posting activities.

42. Defendants were aware that employees worked overtime hours in connection with those operations.

43. Defendants nevertheless failed and refused to pay overtime premiums.

44. Defendants' violations were willful.

4

45. Defendants either knew or showed reckless disregard for whether their compensation practices complied with the FLSA.

46. Defendants were aware of employee complaints and concerns regarding overtime compensation.

47. Defendants discussed overtime issues with employees and attempted to justify paying straight time only for overtime hours based upon the nature of Defendants' internet-based business operations.

48. During the relevant period, Defendants employed numerous remote employees throughout the United States who were subject to centralized payroll and overtime practices.

49. Plaintiff has communicated with numerous former employees located throughout the United States who informed Plaintiff that they likewise worked overtime hours and were paid straight time only for those hours.

50. Plaintiff is aware of numerous former employees who were subject to the same compensation practices alleged herein.

51. Similarly situated employees routinely worked more than forty hours in a workweek and were paid straight time only for overtime hours worked.

## Collective Action Allegations

52. Plaintiff brings Count I as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all similarly situated employees.

53. The proposed FLSA collective is defined as:

> **All current and former non-exempt remote employees employed by Defendants during the three years preceding the filing of this action who worked more than forty hours in a workweek and were paid straight time only for overtime hours worked.**

54. Plaintiff and the proposed collective members are similarly situated because they were subject to common compensation policies and practices.

55. Specifically, Plaintiff and the proposed collective members were subject to centralized payroll, scheduling, and overtime policies implemented and controlled by Defendants.

56. Defendants failed to pay Plaintiff and similarly situated employees overtime premiums for hours worked over forty in a workweek.

57. Defendants knew or should have known that Plaintiff and similarly situated employees worked overtime hours.

58. The names and contact information of similarly situated employees are available from Defendants' records.

59. Court-supervised notice is appropriate in this action.

**COUNT I**
**Fair Labor Standards Act – Unpaid Overtime**
**(Against All Defendants)**

60. Plaintiff incorporates by reference all preceding paragraphs.

61. At all relevant times, Defendants were employers within the meaning of the FLSA.

62. Plaintiff and similarly situated employees were non-exempt employees within the meaning of the FLSA.

63. Defendants suffered or permitted Plaintiff and similarly situated employees to work overtime hours.

64. Defendants failed to compensate Plaintiff and similarly situated employees at one-and-one-half times their regular rate of pay for hours worked over forty in a workweek.

65. Defendants' conduct violated 29 U.S.C. § 207.

66. Defendants' violations were willful.

67. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and similarly situated employees suffered damages.

68. Plaintiff and similarly situated employees are entitled to unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and all other relief available under the FLSA.

**COUNT II**
**Missouri Minimum Wage Law – Unpaid Overtime**
**(Against All Defendants)**

69. Plaintiff incorporates by reference all preceding paragraphs.

70. Plaintiff brings this Count individually under Missouri law.

71. Plaintiff performed work in Missouri during all relevant periods.

72. Defendants were employers within the meaning of the Missouri Minimum Wage Law.

73. Plaintiff was a non-exempt employee within the meaning of the Missouri Minimum Wage Law.

74. Defendants failed to pay Plaintiff overtime compensation at one-and-one-half times her regular rate of pay for hours worked over forty in a workweek.

75. Defendants knowingly failed to pay Plaintiff all wages owed.

76. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered damages.

77. Pursuant to Mo. Rev. Stat. § 290.527, Plaintiff is entitled to recover unpaid wages, liquidated damages, attorneys' fees, costs, and all other available relief.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and similarly situated employees and against Defendants;

B. Conditionally certify this matter as an FLSA collective action;

C. Authorize issuance of notice to similarly situated employees;

7

D. Award unpaid overtime compensation;

E. Award liquidated damages;

F. Award all damages available under Missouri law;

G. Award attorneys' fees and costs;

H. Award pre-judgment and post-judgment interest;

I.  Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/*Philip E. Oliphant*
Philip E. Oliphant, Bar Number: 25990(TN)
THE ROLWES LAW FIRM, LLC
254 Court Avenue, Suite 305
Memphis, TN 38103
901.519.9135 (voice)
901.979.2499 (fax)
poliphant@rolweslaw.com

Edward J. Rolwes, Bar Number: 51522(MO)
THE ROLWES LAW FIRM, LLC
2333 South Hanley Road, Suite 104
St. Louis, MO  63144
314-806-9626 (voice)
314-472-0900 (fax)
erolwes@rolweslaw.com

*Attorneys for Plaintiff*